Hillsborough,
No. 4566.

ALBERT D. POISSON *v.* MANCHESTER *& a.*

Argued April 2, 1957.

Decided June 20, 1957.

*Sheehan, Phinney, Bass, Green & Bergevin (Mr. Bergevin* orally), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown (Mr. Brown* orally), specially for Amoskeag Industries, Inc.

*J. Francis Roche,* city solicitor (by brief and orally), for the other defendants.

LAMPRON, J. At the opening of the hearing counsel for Amoskeag Industries stated that he was appearing specially and was not participating in the hearing which pertained to a prayer for

temporary orders. Its counsel did not examine witnesses or offer evidence on its behalf and was excused and permitted to leave without objection from counsel for the other parties before the hearing was concluded. At the conclusion of the evidence during arguments of counsel for the plaintiff and for the city, the Court stated "We are hearing now the temporary restraining order; we are not hearing the merits." The parties did not object and are therefore bound by the proceedings as they were conducted. *Kusky* v. *Laderbush,* 96 N. H. 286; *Rosenblum* v. *Company,* 99 N. H. 267, 270.

Plaintiff's bill for specific performance did not raise any issue as to the validity of the rights in the premises involved asserted by Amoskeag Industries nor was this issue litigated between the parties interested. Amoskeag's offer to release, made without consideration, had already been rejected by the city and was to expire by its terms two days after the day of the hearing. Restatement, Contracts, s. 34. There was no evidence that Amoskeag had incurred any contractual obligation to either the plaintiff or the city in connection with this property. No rights or obligations of Amoskeag having been raised or litigated the Court's action dismissing it as a party was proper. *Jones* v. *Herbert,* 77 N. H. 282.

The granting or refusal of a restraining order rests in the sound discretion of the Trial Court under the circumstances and the facts of the particular case. *Hatch* v. *Hillsgrove,* 83 N. H. 91, 96; 43 C. J. S., Injunctions, s. 14, *p.* 420. Its action cannot be arbitrary or capricious but must be controlled by established principles of equity. 4 Pomeroy, Equity Jurisprudence (5th *ed.*) s. 1404. In the absence of a showing of an abuse of discretion by the Trial Court its action will not be disturbed. *Perkins* v. *Associates,* 100 N. H. 247; 5 C. J. S., Appeal & Error, s. 1591, *p.* 485.

The plaintiff has failed to establish a clear title in the city especially in view of the claim of rights in Amoskeag which has not been litigated between the interested parties. It is conceded that the sale is subject to the approval of the finance commission for the city of Manchester. Laws 1921, *c.* 226, *s.* 6. There is no denial that the premises were under the control of the board of school committee until it relinquished it. RSA 199:4. The board voted to do so provided suitable warehouse facilities were provided for the school department. There was no evidence that this had been done. It was not clear from the evidence whether the city under-

took to obtain a release from Amoskeag Industries if it could do so without cost or whether it agreed to obtain it regardless of its cost. In view of all of the above uncertainties surrounding the contract sought to be specifically enforced we cannot say that the Trial Court acted arbitrarily in denying plaintiff's prayer for temporary orders. 4 Pomeroy, Equity Jurisprudence, *ss.* 1405a, 1405b, *pp.* 1042-1048.

This being an interlocutory proceeding only and there having been no showing of abuse of discretion in the Court's denial of plaintiff's prayer for temporary orders, no useful purpose would be served in considering plaintiff's exceptions to the denial of certain of his requests for rulings and findings. Most of them pertain to issues which go to the merits of the controversy and which cannot be decided until all the evidence thereon has been presented by all the interested parties.

The order as to plaintiff's other exceptions is

*Exceptions overruled.*

WHEELER, J., took no part in the decision; the others concurred.