Hillsborough,
No. 4619.

NASHUA TRUST COMPANY *v.* JAMES L. SARDONIS.

Argued November 5, 1957.

Decided November 26, 1957.

168

*Hamblett, Kerrigan & Hamblett* (*Mr. David Hamblett* orally), for the plaintiff.

*J. Leonard Sweeney* and *Nicholas Pantelas* (*Mr. Pantelas* orally), for the defendant.

KENISON, C. J.   Although summary judgment has been utilized as an expeditious method for commercial collections for more than a century, it was not adopted in this state until 1955, upon recommendation of the Judicial Council.   Fifth Report of N. H. Judicial Council (1954) *p.* 27; Clark, The Summary Judgment, 36 Minn. L. Rev. 567 (1952); Bauman, The Evolution of the Summary Judgment Procedure, 31 Ind. L. J. 329 (1956).   Summary judgment procedure is designed to save time, effort and expense by allowing a final judgment to be entered immediately in those cases where there is no genuine issue of material fact requiring a formal trial. Vanderbilt, Minimum Standards of Judicial Administration (1949) 219.   The classic statement of the purpose of summary judgment was made by *Cardozo*, J. in *Richard* v. *Credit Suisse*, 242 N. Y. 346, 350: "The very object of a motion for summary judgment is

to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial."

Whatever may be the rule elsewhere the controlling statute here limits motions for summary judgment to "any action founded on contract, in which the plaintiff seeks to recover a debt or a liquidated demand . . . . " RSA 491:8-a (supp.). It is obvious that a promissory note is founded on contract and represents a debt or liquidated demand. See *Hibbard* v. *Clark*, 56 N. H. 155, 157. A preliminary question arises as to whether the promissory note in this case is within the meaning of the statute since it includes provisions for payment of interest, costs of collection and an attorney's fee. Under the provisions of the Uniform Negotiable Instruments Law a promissory note is negotiable and payable in a sum certain even though it provides for interest, costs of collection and an attorney's fee. RSA 337:2 I, V; Vol. 5, part 1, Uniform Laws Annotated, s. 2(1), (5); *Martin* v. *Stone*, 67 N. H. 367. Consequently, according to the great weight of authority, the promissory note constituted a debt or liquidated demand within the meaning of the summary judgment statute. *Norwood Morris Plan Co.* v. *McCarthy*, 295 Mass. 597; Beutel's Brannan on Negotiable Instruments Law (7th *ed.* 1948) *pp.* 240-244.

The present dispute revolves around the crucial part of RSA 491:8-a (supp.) which reads as follows: "If it shall appear upon hearing that no genuine issue of material fact exists, judgment may be entered accordingly." In summary the defendant's principal argument is that he did not receive notice of the nonpayment of the note at its maturity and was not notified of the execution of the consolidation agreement between the principal debtor and the plaintiff and the chattel mortgage securing it. If this would ordinarily entitle the defendant to be discharged of liability (*cf.* *Merchants National Bank* v. *Lewis*, 86 N. H. 144) it has no application to this case because a waiver of notice was embodied in the promissory note itself and is binding on all parties including the defendant. The note contained the following provision: "Each and every party to this instrument, either as maker, endorser, surety or otherwise, hereby waives demand, notice and protest, and assents to any extension or postponement of the time of payment or other indulgence and to any substitution, exchange or release of collateral granted or permitted by the holder." As stated in the Uniform Negotiable Instruments Law, "Where the waiver is embodied in the instrument itself it is binding upon all parties . . . ."

RSA 337:110. The defendant by signing the note as co-maker undertook to pay it according to its tenor and he became primarily liable on the instrument the same as the ordinary maker of a note. RSA 337:192. *Comolli* v. *Lampesis*, 99 N. H. 462; *Amodeo* v. *Allen*, 94 N. H. 370; Restatement, Security, s. 129, *comment* (1) (b).

While the defendant's pleadings and argument raised issues of fact, they did not raise genuine issues of material fact within the meaning of the summary judgment statute. Assuming them to be true the plaintiff was entitled to judgment as a matter of law, in view of the conditions embodied in the promissory note executed by the defendant. *Merchants Bank* v. *Worster*, 75 N. H. 495. The same is equally true of the defendant's argument that if he had received notice he could have obtained additional security from the principal debtor and thus protected himself before the bank obtained it under its consolidation agreement. This was a collateral matter on the issue of liability and was not a defense at law which raised a genuine issue of material fact. "It is equally well established that a creditor holding collateral security for the payment of several loans may apply the proceeds in such manner as will be most beneficial to him . . . [The] principal debtor has no power to direct the creditor as to the manner in which the collateral shall be applied and the surety is equally lacking in such power." *Killoren* v. *Hernan*, 303 Mass. 93, 97.

It is well settled that mere allegations in a pleading or denial are not enough to create a genuine issue of material fact as against a showing of evidence contrary to the allegations. *Lawson* v. *American Motorists Ins. Corp.*, 217 F. (2d) 724. Consequently the defendant's arguments that the consolidation agreement was without legal consideration and was inequitable, if true, are collateral facts which do not affect the primary liability of the defendant. The defendant's exception to the Court's finding that no genuine issue of material fact existed is overruled since the finding was supported by the record. For the same reason the defendant's motion to set aside the verdict as against the law, the evidence, and the weight of the evidence is likewise overruled. *Velishka* v. *Laurendeau*, 100 N. H. 46. The summary judgment was properly entered and the order is

*Judgment for the plaintiff.*

LAMPRON and WHEELER, JJ., did not sit; the others concurred.