Rockingham
No. 7772

JODY ANN ARSENAULT

v.

CHRISTOPHER R. WILLIS

December 2, 1977

*Bernard J. Robertson, Jr.,* of Exeter, by brief and orally, for the plaintiff.

*Devine, Millimet, Stahl & Branch,* of Manchester, by brief, for the defendant.

PER CURIAM. This is an action seeking recovery for personal injuries and property damage caused in an automobile accident which occurred in Portsmouth, New Hampshire, on February 19, 1976. The parties to this action were travelling in the same direction on a paved road when the automobile driven by the defendant ran into the rear end of the plaintiff's car. The defendant subsequently signed a motor vehicle accident report which stated that the vehicles collided "due to inattention" on the part of the defendant. The plaintiff made a motion for summary judgment on the issue of liability, supported by an affidavit of the plaintiff and a copy of the accident report. Defendant's counsel submitted a counter-affidavit in which he averred that "the character of the conduct of the drivers of the vehicles will be an important issue," that the defendant "has not, and does not intend, to waive any liability defenses, and also intends to put in issue the conduct of the plaintiff," and, "[t]here is nothing in the file to indicate that the Defendant, by sworn testimony or otherwise, has confessed liability for the accident and injuries claimed by the Plaintiff." The Master (*T. Casey Moher,* Esq.) hearing the motion for summary judgment recommended that it be granted. This recommendation was approved by *Perkins,* J., and defendant's exception was noted. *Loughlin,* J., ruled that the case could be reserved and transferred to this court and noted the plaintiff's exception to this ruling.

An initial question presented by this case is whether the granting of a motion for summary judgment on the issue of liability can be reserved and transferred prior to the determination of the damages. The plaintiff contends that the instant case should not have been reserved and transferred because RSA 491:8-a (Supp. 1975) provides that a summary judgment on the issue of liability alone is interlocutory in character. RSA 491:17 allows the transfer of an interlocutory question to this court if the trial court thinks it fit. Whether the question will be transferred is within the discretion of the trial court which should exercise it with great caution to avoid piecemeal appeals and added cost and delay to the litigants. *See, e.g., State v. Doyle,* 117 N.H. 789, 378 A.2d 1379 (1977). The trial court does not have to sign each and every reserved case presented to it by counsel. This would espe-

cially be so, for instance, if a motion for summary judgment had been denied.

The issue transferred is whether the master erred in recommending that the motion for summary judgment be granted. It is defendant's contention that a negligence action is not appropriate for summary judgment because of the role of the jury in applying the reasonable person standard. *See* 10 C. Wright and A. Miller, Federal Practice and Procedure § 2729 (1973).

█ Summary judgment procedure allows a final judgment to be entered when there is no genuine issue of material fact requiring a formal trial. *Nashua Trust Co. v. Sardonis,* 101 N.H. 166, 168, 136 A.2d 332, 333 (1957). RSA 491:8-a (Supp. 1975) was amended in 1973 to allow summary judgment to be used in any action, including one involving negligence.

█ Under RSA 491:8-a (Supp. 1975), the moving party must show the absence of a triable issue and his entitlement to judgment as a matter of law. However, the opponent of the motion has the burden of contradicting the proponent's affidavits; otherwise the facts stated in them will be deemed admitted for the purpose of the motion. RSA 491:8-a (Supp. 1975); *Community Oil Co. v. Welch,* 105 N.H. 320, 199 A.2d 107 (1964). A response to a motion for summary judgment, whether by counter-affidavit based on personal knowledge of admissible facts, or "showing specifically and clearly reasonable grounds for believing that contradictory evidence can be furnished at trial but cannot be furnished by affidavits," RSA 491:8-a (Supp. 1975), or by reference to the product of discovery proceedings, must set forth specific facts showing the existence of a genuine issue for trial. Mere denials in an opposing affidavit are not sufficient to raise an issue of fact for trial. *Community Oil Co. v. Welch supra; Salitan v. Tinkham,* 103 N.H. 100, 166 A.2d 115 (1960). "If the plaintiff's [here, defendant's counsel's] affidavit is treated as satisfying this requirement there would be comparatively few situations in which the statute would operate; the salutary purpose of the statute—which is to avoid the delay and expense of trials in cases where there is no genuine issue of fact—would be set at naught, for it would almost always be possible for a party to file an affidavit containing on information and belief vague and general allegations of expected proof." *Albre Marble and Tile Co. v. John Bowen Co.,* 338 Mass. 394, 397, 155 N.E.2d 437, 439 (1959).

■■ We hold that the response of the defendant to the plaintiff's motion was not sufficient to satisfy the requirements of RSA 491:8-a (Supp. 1975). Consequently the facts stated in the plaintiff's affidavit are to be taken as admitted pursuant to the statute. We also find that the record before us supports the trial court's finding of the defendant's negligence as a matter of law.

■ The plaintiff has addressed a motion to this court for reasonable attorney's fees and costs. The basis for plaintiff's motion is RSA 491:8-a (Supp. 1975), which allows the awarding of reasonable expenses incurred as a result of the filing of summary judgment affidavits in bad faith or for delay. As stated above, the affidavit filed by the defendant's counsel deviated drastically from the statutory requirements. It appears that throughout the course of his litigation the defendant's counsel has only been concerned with delaying the inevitable conclusion that his client will have to pay the damages he caused to the plaintiff. We note that RSA 490:14-a (Supp. 1975) allows this court to award double costs when an appeal is frivolous. Our concern in this case is more with the delay tactics employed by defendant's counsel than with the issue of whether this is a frivolous appeal, and we believe that plaintiff's motion for reasonable expenses is proper. The plaintiff has, however, filed his motion in the wrong court. The motion for reasonable expenses caused by defendant's delay should be filed in the superior court in accordance with RSA 491:8-a (Supp. 1975). We therefore remand in order for plaintiff to file his motion, for the superior court to determine the appropriate expenses to be awarded, and for a just conclusion of this needlessly protracted litigation.

*Exceptions overruled; remanded.*