Merrimack
No. 7924

JOHNS–MANVILLE SALES CORPORATION

v.

ALLAN P. BARTON

March 31, 1978

*Rinden Professional Association,* of Concord (*Paul Rinden* orally), for the plaintiff.

*Orr & Reno Professional Association,* of Concord (*John W. Barto* orally), for the defendant.

GRIMES, J.    This is an action on a guarantee executed by Allan P. Barton whereby he guaranteed "payment of any and all indebtedness now due or hereafter to become due" to plaintiff from Barton Construction, Inc. Plaintiff seeks to obtain payment of such an indebtedness allegedly due the plaintiff by Barton Construction, Inc., in the amount of $28,000.

Defendant moved that the trial of this action be held in abeyance on the grounds that the plaintiff had previously brought, and there was presently awaiting trial, a suit against Barton Construction, Inc., in superior court in Plymouth County, Commonwealth of Massachusetts, in which Barton Construction, Inc., was defending and counterclaiming on the basis of allegedly defective materials supplied by plaintiff; and that therefore the indebtedness of the principal, Barton Construction, Inc., remained unliquidated and uncertain.

Plaintiff objected to this motion to hold in abeyance and filed a motion for summary judgment pursuant to RSA 491:8-a (Supp. 1975). In support of this motion plaintiff filed an affidavit dated September 13, 1976, averring that the defendant executed a guarantee agreement in favor of plaintiff; that in said agreement defendant guaranteed to plaintiff the payment of indebtedness then due and thereafter to become due from Barton Construction, Inc.; that the parties agreed that the guarantee should remain in effect until a written notice of termination was made; that there has never been a written notice of termination; that plaintiff is now owed by Barton Construction, Inc., the sum of $26,838.20 plus interest and costs, after the allowance of all just credits, deductions, and setoffs; and that defendant is obligated to the plaintiff under the terms of said guarantee to pay $26,838.20.

The defendant objected to plaintiff's motion for summary judgment but failed to file a contradictory affidavit. RSA 491:8-a (Supp. 1975). In his objection defendant renewed his claim that the record indicated that the amount due from the principal to the plaintiff was unliquidated; that the litigation to determine the amount due was still pending and unresolved; that summary judgment was inappropriate because the genuine issue of material fact essential to the determination was unresolved; and that plaintiff's attorney had admitted there were disputed issues of both fact and law by a letter dated March 28, 1976.

On April 14, 1977, a hearing was held before a Master (*Robert A. Carignan,* Esq.) on the defendant's motion to hold in abeyance and on plaintiff's motion for summary judgment. The defendant's motion was denied. The plaintiff's motion was granted, and the master recommended that plaintiff be awarded $26,838. The master's recommendations were approved and a decree entered in accordance therewith. Defendant moved to set aside the decree, to which the plaintiff objected. After hearing, the master recommended that the defendant's motion be denied. This recommendation was accepted and approved, and defendant's exceptions were reserved and transferred by *Cann,* J.

We find no error in the granting of plaintiff's motion for summary judgment or the denial of defendant's motion to hold in abeyance.

Under RSA 491:8-a (Supp. 1975) the moving party must show the absence of a triable issue of fact and his entitlement to judgment as a matter of law before summary judgment may properly be entered. *Arsenault v. Willis,* 117 N.H. 980, 380 A.2d 264 (1977). Plaintiff's affidavit establishes this entitlement if the facts contained therein remained uncontroverted. RSA 491:8-a (Supp. 1975) provides that the facts stated in the affidavits accompanying a party's motion for summary judgment "shall be taken to be admitted for the purpose of the motion unless within thirty days contradictory affidavits . . . are filed . . . ." Our recent decision in *Arsenault* compels a finding that the objection filed by the defendant does not meet the requirements of the statute. *Amoskeag Savings Bank v. Patterson,* 110 N.H. 261, 263, 266 A.2d 116, 117 (1970). In *Arsenault,* we held that mere denials in the opposing affidavits were insufficient to raise an issue of fact for trial, and motions or objections are clearly not substitutes for affidavits. The facts contained in the affidavit show the absence of

a triable issue of fact and plaintiff's entitlement to judgment as a matter of law, and the granting of the summary judgment was, therefore, appropriate.

■ Defendant's motion to hold in abeyance was properly denied. The plaintiff in the instant case was at liberty to institute proceedings against the principal or against the guarantor or against both concurrently, as he saw fit. *Bank Commissioners v. Trust Co.*, 70 N.H. 536, 538, 49 A. 113, 115 (1901). There is nothing in the record which indicates that the plaintiff instituted this suit against the guarantor for any reason other than to pursue its legitimate interests. The decision to stay or hold in abeyance a particular action is within the sound discretion of the trial court, and we find no abuse of that discretion. *See Poisson v. Manchester*, 101 N.H. 72, 75, 133 A.2d 503, 505 (1957); *New Castle v. Rand*, 101 N.H. 201, 204, 136 A.2d 914, 917 (1957); *cf. Pacific & Atlantic Shippers v. Schier*, 106 N.H. 69, 70, 205 A.2d 31, 32 (1964) (a prior action between same or similar parties for the same cause pending in another jurisdiction is ordinarily no ground for complete abatement of the action).

■ Defendant also contends that the master erred in finding that Barton Construction, Inc., was insolvent. Even assuming error, some prejudice to the defendant must be established in order to be grounds for reversal. *See Powley v. Lessard*, 117 N.H. 991, 995, 380 A.2d 681, 684 (1977). This finding does not prejudice the defendant in this litigation. On the default of the principal, the creditor may proceed against the guarantor, and a finding of solvency or insolvency of the principal is not necessary for a determination that the creditor's action against the guarantor was proper.

*Exceptions overruled.*

LAMPRON, J., did not sit; the others concurred.