Merrimack
No. 79-303

VIOLA M. SUOJANEN

v.

DAVID E. TARDIF, ADMINISTRATOR w.w.a.
ESTATE OF LORENZO P. DIVERSI

September 10, 1980

*Branch & Tobin P.A.*, of Concord, by brief for the plaintiff.

*Stanley, Tardif & Shapiro*, of Concord, by brief for the defendant.

PER CURIAM. This is an appeal from an order granting the defendant's motion for a summary judgment under RSA 491:8-a (Supp. 1979). A hearing was held before a Master (*Roger G. Burlingame*, Esq.) and the following report was made and the master's recommendations were approved by *Contas*, J.

"After hearing and review of all pleadings filed and the

deposition of plaintiff, the Master recommends the finding that there appears to be no genuine issues of material fact or law and an order granting defendant's motion for summary judgment."

For twenty-three years, the plaintiff, Viola M. Suojanen, and the decedent, Lorenzo P. Diversi, maintained a close personal relationship. On December 25, 1972, the decedent suffered a stroke and was hospitalized, and he thereafter became a patient at a nursing home. Sometime before Easter in 1973, he asked the plaintiff if she would care for him at her home in Concord. She agreed and Diversi moved in on April 19, 1973, and remained there until shortly before his death on July 23, 1978.

At first he paid the plaintiff $100 a month; the amount was subsequently increased to $150 per month. During Diversi's stay at her home, Miss Suojanen was a retired housekeeper living on Social Security.

After Diversi's death, the plaintiff made demand and then brought suit against his estate for household and nursing services totaling $50,400. Of this total, $8,700 had been paid by the decedent: fifteen months at $100 and forty-eight months at $150.

The defendant does not take issue with plaintiff's contention that the party moving for summary judgment must show the absence of a triable issue of fact and entitlement to judgment as a matter of law before a summary judgment may properly be entered. *Johns-Manville Sales Corp. v. Barton*, 118 N.H. 195, 197, 385 A.2d 118, 119 (1978). The defendant also admits that, in determining whether he has met the above burden of proof placed on him, all the material and pleadings on file are to be construed in the light most favorable to the plaintiff. *New Hampshire York Co. v. Titus Constr. Co.*, 107 N.H. 223, 225, 219 A.2d 708, 710 (1966). Accordingly, the plaintiff's deposition taken by the defendant must be construed most favorably to the plaintiff. *See Lortie v. Bois*, 119 N.H. 72, 75, 398 A.2d 540, 542 (1979).

Defendant maintains that there was an express contract between the parties under the terms of which the plaintiff was to receive in full payment $100 per month and later $150 per month. Defendant asserts, therefore, that plaintiff has been paid as agreed and has no valid claim against the estate. Interpreting plaintiff's deposition most favorably to her, it could be found that no express contract existed and that the monthly payments were for her expenses. Furthermore, plaintiff testified that toward the end of decedent's life, "he wasn't feeling well and he was failing fast."

"He used to tell me, he said, you will be well taken care of and well compensated . . . ." If this interpretation of the plaintiff's deposition is accepted, she would be entitled to maintain a claim in quantum meruit. *See Humiston v. Bushnell*, 118 N.H. 759, 763, 394 A.2d 844, 846 (1978).

The above creates a triable issue of fact as to the terms of their respective undertakings. A "contract can be proved by spoken or written words or by conduct . . . . [w]hen there is a disputed question of fact as to the existence and terms of a contract it is to be determined by the trier of fact . . . ." *Maloney v. Company*, 98 N.H. 78, 82, 95 A.2d 129, 132 (1953). *See Trimount Bituminous Prods. Co. v. Chittenden Trust Co.*, 117 N.H. 946, 950, 379 A.2d 1266, 1268 (1977).

"The purpose of the summary judgment procedure is issue finding, not issue determination . . . . Thus, the only task of the trial justice in passing on a motion for summary judgment is to determine whether there is a genuine issue concerning any material fact." *Industrial Nat. Bank v. Peloso*, 397 A.2d 1312, 1313 (R.I. 1979). Only when there is no such issue may a decision be made that applicable law dictates the entry of a summary judgment.

There being one or more unresolved issues of fact in this case, the granting of a summary judgment for the defendant must be set aside, and the case is remanded for a hearing on the merits.

*Plaintiff's exception sustained; remanded.*