Cheshire
No. 80-123

JOHN ALDEN SETTLE, JR.

v.

KEENE SAVINGS BANK

December 17, 1980

*Sayer & Kellett*, of Salem (*James A. Sayer* orally), for the plaintiff.

*Faulkner, Plaut, Hanna, Zimmerman & Freund*, of Keene (*George R. Hanna* orally), for the defendant.

PER CURIAM. This is an appeal from an order granting the defendant's motion for summary judgment under RSA 491:8-a (Supp. 1979). We find no error.

A brief résumé of the facts and the numerous maneuvers and legal skirmishes follows.

In October of 1977, Cynthia Meyer Settle, the plaintiff's wife, obtained a mortgage loan from the defendant bank. The plaintiff at that time represented that the real estate to be pledged was owned solely by his wife. He signed the note as well as a mortgage releasing all of his interest in the mortgaged property. In March of 1978 the loan was refinanced and a new note and mortgage were executed by the plaintiff and his wife.

In September of 1978 the wife filed a libel for divorce. A temporary stipulation was entered into providing that the wife would "quitclaim all her right, title, and interest in the family homestead to the defendant" upon his payment of approximately $40,000 in art objects and his assumption of all indebtedness on the homestead. The record contains no evidence that Settle ever paid the stated consideration and, therefore, title remained in the wife. On March 8, 1979, the court denied the wife's motion to appoint a commissioner to sell the real estate on the ground that its disposition was controlled by the terms of the temporary stipulation approved by the court on September 25, 1978.

The parties defaulted on the loan and, on March 16, 1979, the bank instituted foreclosure proceedings. The advertised sale was to be held on April 11, 1979.

On March 30, 1979, the plaintiff filed a petition in bankruptcy in which he claimed an equitable interest in the property in question. Under date of April 4, 1979, the bankruptcy court issued a boilerplate "order for first meeting of creditors and fixing times for filing objections to discharge and for filing complaint to determine dischargeability of certain debts, combined with notice thereof and of automatic stay." The printed form in two instances carried the following legend in bold print: "as a result of this bankruptcy, certain acts and proceedings against the bankrupt and *his property* are stayed as provided in bankruptcy rules 401 and 601." (Emphasis added.)

On April 3, 1979, the plaintiff filed a petition for injunctive relief with the superior court. He sought to temporarily enjoin the foreclosure sale, pending, as he alleged, a determination of the "parties interest" by the state court as well as by the federal district court.

A hearing was held on the petition for injunction before a Master (*Mayland H. Morse, Jr.*, Esq.) on April 9, 1979. In addition to the named parties, the trustee in bankruptcy was present at the hearing. The trustee had earlier filed an appearance in the marital action and had recorded notice of his appointment in the registry of deeds. At the conclusion of the evidence the defendant bank agreed to postpone the foreclosure sale for 30 days. The same day

the master recommended that the petition for injunctive relief be denied. The Court (*DiClerico*, J.) on July 10, 1979, approved the report and entered a decree in accordance therewith *nunc pro tunc*.

On May 10, 1979, the property was sold at foreclosure to the defendant bank. A deed was executed, delivered and recorded. The affidavit required by RSA 479:26 (Supp. 1979) was timely filed, but erroneously reported the date of sale to have been April 11, 1979. A corrected affidavit reporting May 10, 1979, as the actual date of sale was filed and recorded on August 8, 1979. There is no evidence of any liens or other encumbrances of record between the day of the sale and the recording of the corrected affidavit. *See* RSA 479:26 II (Supp. 1979).

Because the plaintiff was in possession of the premises, the defendant bank caused a "notice to quit" to be served on him. A landlord and tenant action was brought in the Keene District Court. The plaintiff filed a plea of title but upon his failure to post bond, ordered pursuant to RSA 540:17, a writ of possession was issued on August 17, 1979.

The plaintiff then brought a petition for declaratory judgment pursuant to RSA 498:5-a (Supp. 1979) [Real and Personal Property; Disputed Titles] "to determine the validity of [the] foreclosure [by the defendant]" and to quiet title to said real estate. The trustee, although noticed, did not join in this action. Pursuant to RSA 491:8-a (Supp. 1979) the defendant bank moved for summary judgment. Its affidavit generally recited the facts contained herein.

The court ruled that "[o]n a summary judgment motion the court has to determine if there are any issues of fact which must be decided by a trial. Questions of law such as the bankruptcy question . . . is a question of law which the court can determine . . . ." On February 14, 1980, it granted the defendant's motion for summary judgment.

■ "Summary judgment procedure allows a final judgment to be entered when there is no genuine issue of material fact requiring a formal trial. [Citation omitted.] . . . [T]he moving party must show the absence of a triable issue and his entitlement to judgment as a matter of law." *Arsenault v. Willis*, 117 N.H. 980, 983, 380 A.2d 264, 266 (1977); *see Johns-Manville Sales Corp. v. Barton*, 118 N.H. 195, 197, 385 A.2d 118, 119 (1978). "Only when there is no such issue [concerning any material fact] may a decision be made that applicable law dictates the entry of

830

summary judgment." *Suojanen v. Tardif, Adm'r*, 120 N.H. 574, 576, 419 A.2d 1088, 1090 (1980).

An examination of the plaintiff's counter-affidavit reveals that it did not place any of the defendant's facts in issue, but only supplemented and added facts thereto. He argues, however, that questions of law "can only be decided by the trial of the petition for declaratory judgment."

We disagree. The purpose of the statute is "to avoid the delay and expense of trials in cases where there is no genuine issue of fact. . . ." *Arsenault v. Willis, supra* at 983, 380 A.2d at 266, *quoting Albre Marble and Tile Co. v. John Bowen Co.*, 338 Mass. 394, 397, 155 N.E.2d 437, 439 (1959). Where as here there is no genuine issue of fact, a trial is not required and the issues of law may be decided in the summary judgment proceeding.

On the record before us we hold that the granting of summary judgment was proper.

*Exceptions overruled.*

KING, J., did not sit.