Hillsborough
No. 80-154
No. 80-264

ARMAND ENGINEERING CO., INC.

v.

ADRIEN A. LABRIE, INC. & a.

LOUIS A. GEREMIA, ESQUIRE

v.

ADRIEN A. LABRIE, INC. & a.

March 6, 1981

*Craig, Wenners, Craig & McDowell,* of Manchester (*Thomas E. Craig* on the brief), by brief for the plaintiffs.

*Spaloss & Rosson,* of Nashua (*Henry F. Spaloss* on the brief), by brief for the defendants.

BOIS, J. In *Armand Eng'r Co. v. Adrien A. Labrie, Inc.,* 119 N.H. 408, 402 A.2d 184 (1979) (*Armand I*), we held that a Massachusetts judgment obtained by the plaintiff was entitled to full faith and credit.

While that appeal was pending in this court, Armand Engineering Co., Inc. (Armand), on November 21, 1978, brought a petition to set aside conveyances of assets pursuant to RSA ch. 545 against Adrien A. Labrie, Inc. (Labrie, Inc.) and Adrien A. Labrie, individually (Labrie) (*Armand II*). Armand alleged that Labrie, Inc., had conveyed assets to Labrie for the purpose of avoiding payment of the foreign judgment which was the subject of the case pending before us.

On January 3, 1979, Labrie, Inc., filed a motion to dismiss, alleging that the plaintiff was a foreign corporation not registered to do

business in New Hampshire, that the plaintiff had been adjudicated a bankrupt in Rhode Island and that the trustee in bankruptcy was not a party plaintiff in the action. Simultaneously Labrie filed a motion to dismiss, alleging that all business dealings with the plaintiff were carried out by Labrie, not as an individual but in his corporate capacity, and that the Massachusetts judgment was in fact against the corporation.

On January 8, 1979, the Court (*Cann*, J.) temporarily enjoined and restrained the defendants from disposing of or conveying any of their property, conditioned on the plaintiff's posting of a $100,000 bond. The court also denied discovery of the defendants' assets pending disposition by this court of *Armand I*. The record does not disclose whether the plaintiff posted the bond.

On March 5, 1979, Labrie filed a motion for summary judgment, alleging, in addition to the grounds set forth in his motion to dismiss, that the plaintiff had not alleged any grounds upon which the court could find that Labrie was a party to any fraudulent conveyance. Labrie, Inc., also filed a motion for summary judgment claiming that the plaintiff had not alleged any grounds that the corporation was a party to any fraudulent conveyance, that the defendant corporation was bonded at the time the cause of action underlying the Massachusetts judgment arose, that the plaintiff lost its right to sue the surety because of the time limitations in the bond, and that the trustee in bankruptcy was not a party plaintiff.

The plaintiff's answering affidavit recited that it had alleged and intended to prove that the defendant corporation was indebted to the plaintiff, that Labrie, Inc., had made itself insolvent by transferring its assets to Labrie individually, contrary to the fraudulent conveyance laws, and that both defendants had so far resisted the plaintiff's discovery efforts.

On September 14, 1979, the plaintiff moved "that the name of the case be amended to Louis A. Geremia, Esquire, Trustee in Bankruptcy for Armand Engineering Co., Inc. vs. Adrien A. Labrie, Inc. and Adrien A. Labrie, individually." The record does not disclose that the motion was ever acted upon. The Superior Court (*Goode*, J.), on February 11, 1980, granted both motions for summary judgment. The plaintiff duly excepted and reserved its rights, appealing the trial court's decision to this court.

Louis A. Geremia, Esquire, Trustee, as party plaintiff, then brought a petition to set aside conveyances of assets against both Labrie, Inc. and Labrie (the Trustee's case) based on the same allegations made by Armand in *Armand II*. On April 1, 1980, the

defendants' counsel filed a motion to dismiss, asserting res judicata and collateral estoppel. The Superior Court (*Pappagianis*, J.) granted the dismissal motion and entered the following order:

"May 12, 1980. By reason that there is uncertainty whether the Supreme Court decision in the case of Armand Engineering, Inc. v. Adrien A. Labrie, Inc. [Armand II], Supreme Court No. 80-154 will decide all the issues between the parties, and for the purposes of precluding an appeal to the Supreme Court at a later date and of consolidating all the issues, the defendants' motion to Dismiss is granted pro forma so as to expedite matters. The plaintiff's exception is noted.

The Supreme Court is requested to process the case as part of the appeal in Supreme Court No. 80-154."

The issue before us in the *Armand II* case is whether the trial court should have granted summary judgment based on the circumstances presented to us by the record. We answer in the affirmative.

■■ According to RSA 491:8-a (Supp. 1979), summary judgment shall be entered when "the pleadings, . . . and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact [requiring trial] and that the moving party is entitled to judgment as a matter of law." *Settle v. Keene Savings Bank*, 120 N.H. 827, 829, 423 A.2d 986, 987 (1980); *Suojanen v. Tardif*, 120 N.H. 574, 575, 419 A.2d 1088, 1089 (1980); *Johns-Manville Sales Corp. v. Barton*, 118 N.H. 195, 197, 385 A.2d 118, 119 (1978); *Arsenault v. Willis*, 117 N.H. 980, 983, 380 A.2d 264, 266 (1977); see *Rutkauskas v. Hodgins*, 120 N.H. 788, 791, 423 A.2d 291, 293 (1980). An examination of the answering affidavit submitted by the plaintiff's attorney does not disclose specific facts showing genuine issues for trial. Mere general and bare allegations of expected proof, as contained therein, are insufficient to raise genuine issues of fact. RSA 491:8-a (Supp. 1979); *Arsenault v. Willis, supra* at 983, 380 A.2d at 266, *quoting Albre Marble and Tile Co. v. John Bowen Co.*, 338 Mass. 394, 397, 155 N.E.2d 437, 439 (1959). We hold, therefore, that the trial court properly granted the motions for summary judgment.

The issue before us in the Trustee's case is whether the court should have granted the defendant's motion to dismiss on grounds

of res judicata and collateral estoppel. Again we answer in the affirmative.

The record discloses that the United States District Court for the District of Rhode Island appointed Louis A. Geremia as trustee of the estate of the bankrupt plaintiff corporation on October 11, 1977, and it further contains an authorization dated January 5, 1978, from the trustee's special counsel, appointing Armand's New Hampshire counsel as his representative and directing that he undertake representation.

■■ Even though the bankrupt's title to property, including rights of action, vests by operation of law in the *trustee* as of the date of filing the petition in bankruptcy, *Fournier v. Rosenblum*, 318 F.2d 525, 526–27 (1st Cir. 1963); Bankruptcy Act § 70(a)(5)–(6), 52 Stat. 879–80 (1938), which in the instant case occurred in 1977, counsel, on November 21, 1978, chose to bring the original petition in the bankrupt's name, not in the name of the trustee in bankruptcy.

We recognize that the issues sought to be litigated in the Trustee's case are identical to those presented in *Armand II*. "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue . . . and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979); *Cutter v. Town of Durham*, 120 N.H. 110, 111, 411 A.2d 1120, 1121 (1980); *see Bricker v. Crane*, 118 N.H. 249, 253, 387 A.2d 321, 323 (1978).

We have also held that it is not essential that there be mutuality of parties and that "[a] party who, after full litigation, has lost on an issue is thereafter barred from litigating the issue with new parties. (Citation omitted.) It has been held that one who is not a party but who has financed and directed a suit in the name of another, having lost on an issue, may not relitigate it." *Cutter v. Town of Durham, supra* at 111, 411 A.2d 1121.

We hold therefore that, under the circumstances presented, the granting of the motion to dismiss was proper.

*Exceptions overruled; affirmed.*

All concurred.