Strafford
No. 80-337

CITY OF ROCHESTER & a.

v.

WILLIAM SMITH & a.

March 11, 1981

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Theodore Wadleigh* on the brief), by brief for the plaintiffs.

*Mullaney & Richardson*, of Rochester (*John G. Richardson* on the brief), by brief for the defendant William Smith.

PER CURIAM. The issue in this workmen's compensation appeal is whether, on remand, the trial court erred in not allowing the defendant to present additional evidence. We uphold the trial court.

When this case was here before, we held that the evidence did not support the finding by the trial court that the defendant, a firefighter, was totally disabled as a result of smoke inhalation. *City of Rochester v. Smith*, 119 N.H. 495, 403 A.2d 421 (1979). We remanded the case, stating that "the trial court should determine the duration and extent of defendant's temporary disability resulting from the lung condition, consistent with this opinion and the relevant evidence already before it." *Id.* at 499, 403 A.2d at 424.

On remand, the defendant moved that he be allowed to introduce medical evidence which he had not produced at the first trial. This motion was denied, and the Court (*Mullavey*, J.), on the evidence already before it, determined that Smith's disability continued from July 4, 1976, to July 18, 1976. The court then denied the defendant's motion to set aside the verdict, and he appealed.

We thought that our previous opinion made it clear that on

remand the trial court was to "determine the duration and extent of defendant's temporary disability" on the "evidence already before it." *Id.* The defendant had a full opportunity at the first trial to submit whatever medical evidence he chose in order to establish that any disability from which he suffered was medically connected to the smoke inhalation incident which occurred on July 4, 1976. We said in our prior opinion that there was insufficient evidence to sustain a finding that the defendant was disabled by lung problems, at least after August 31, 1976, the date on which the defendant was first examined by the only doctor to testify at the first trial. *Id.* at 499, 403 A.2d at 423. The prior decision therefore precluded a finding of partial disability subsequent to that date and left it to the trial court to determine when, within the period from July 4 to August 31, the defendant's disability ceased. The trial court has now done that, and we cannot say that the evidence compelled a different finding.

Having had a full opportunity to litigate the duration of his disability, the defendant is not entitled to retry that issue unless the record reveals grounds for a new trial, which it does not in this case. *See Bricker v. Sceva Speare Hosp.*, 115 N.H. 709, 711, 350 A.2d 623, 625 (1975); RSA 526:1. The trial court correctly conducted a hearing that did not exceed the scope of the remand. *See Scarborough v. R.T.P. Enterprises, Inc.*, 120 N.H. 707, 709, 422 A.2d 1304, 1306–07 (1980).

*Appeal dismissed; affirmed.*