Cheshire
No. 80-138

ELIZABETH M. LOURIE

v.

KEENE STATE COLLEGE *& a.*

April 3, 1981

*R. J. Shortlidge, Jr.,* of Keene, by brief and orally, for the plaintiff.

*Bell, Falk & Norton,* of Keene (*Ernest L. Bell, III,* on the brief and orally), for the defendant.

KING, J. The plaintiff, Elizabeth M. Lourie, appeals from the granting of the defendants' motion for summary judgment. RSA 491:8-a (Supp. 1979). She argues that because there were issues of material fact to be resolved, it was error for the trial court to grant the defendants' motion and that this error deprived her of her constitutional right to a trial by jury. The plaintiff also asserts that it was error for the court to deny her request for findings. For the reasons herein stated, we reject the plaintiff's arguments and affirm the trial court.

For several years prior to the 1973–74 academic year, the plaintiff worked as a lecturer in physical education at Keene State College, a unit of the University of New Hampshire. In 1973, she received a notice of short-term or special appointment to teach art at the Wheelock Elementary School, a laboratory school operated by Keene State College as part of its teacher education program.

The appointment was for the 1973–74 academic year and called for a salary of $1,800. The notice of appointment bore facsimile signatures of the president of the University of New Hampshire and the defendant Leo F. Redfern, president of Keene State College. Although the notice of appointment required the plaintiff to sign the notice and return it, she failed to do so. She did perform the duties of an art teacher and cashed the checks which she received for her services.

After the close of the 1973–74 academic year, the college decided not to rehire the plaintiff and hired another person instead. This person had a "prospective" master's degree in art whereas the plaintiff had a master's degree with an emphasis in physical education.

On February 8, 1977, the plaintiff brought an action against Keene State College, Clarence G. Davis, a former dean of the college, and Leo F. Redfern, president of the college. The writ alleged that: (1) the plaintiff was not paid a sufficient salary during the 1973–74 academic year; (2) the defendants had actually hired the plaintiff for the 1974–75 academic year and that she was improperly discharged; (3) the individual defendants had interfered with the plaintiff's right to receive adequate compensation during the 1973–74 academic year and with her continued employment during the subsequent academic year; (4) the individual defendants had maliciously interfered with the plaintiff's employment because of their feelings toward her husband; and (5) the individual defendants had interfered with her employment in violation of the official oppression statute, RSA 643:1, making it a misdemeanor for a public servant to commit an unauthorized act which purports to be an act of his office or knowingly refrain from performing a duty imposed on him by law with a purpose to benefit himself or another, or to harm another.

The defendants filed a motion for summary judgment supported by an affidavit of Redfern. The plaintiff filed an answer to this motion supported by her affidavit. The Trial Court (*Randall*, J.) denied the motion without prejudice and with the right to renew after taking of depositions. The plaintiff conducted considerable discovery, deposing both the individual defendants and an independent witness. On February 27, 1980, after a hearing at which the court had all the outstanding motions and the depositions before it, the Court (*DiClerico*, J.) granted the defendants' motion for summary judgment. On March 7, 1980, the plaintiff filed a motion for findings of fact and rulings of law which the court denied.

■ The first issue which we address is whether the trial court erroneously granted the defendants' motion for summary judgment thereby denying the plaintiff her right to a trial by jury. "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RSA 491:8-a (Supp. 1979). The salutary purpose behind the summary judgment statute is to save the time, effort, and expense of a trial when there is no genuine issue of material fact. *See Armand Engineering Co., Inc. v. Labrie, Inc.*, 121 N.H. 107, 110, 427 A.2d 15, 16 (1981); *Settl: v. Keene Savings Bank,*

120 N.H. 827, 829, 423 A.2d 986, 987 (1980); *Soujanen v. Tardif*, 120 N.H. 574, 576, 419 A.2d 1088, 1089 (1980); *Arsenault v. Willis*, 117 N.H. 980, 983, 380 A.2d 264, 266 (1977).

■■ A review of the affidavits and depositions discloses that the plaintiff failed to present any specific facts which would support a verdict in her favor on any of the five counts contained in her pleadings. General and bare allegations of expected proof are insufficient to raise genuine issues of fact. *Arsenault v. Willis*, *supra* at 983, 380 A.2d at 266; *see* RSA 491:8-a (Supp. 1979). We hold, therefore, that the court properly granted the defendants' motion for summary judgment.

The plaintiff argues that because her appointment to the staff of the Wheelock School was as an "instructor," rather than a "lecturer," the provisions of the faculty handbook entitled her to notice by March 1, 1973, if she was not going to be rehired for the 1974–75 academic year, and that because the defendants failed to notify her by that date, she was, in effect, rehired for the following year. Consequently, she argues that she is entitled to compensation for the 1974–75 academic year despite the fact that her employment terminated in July 1974.

■ The notice of appointment specifically instructed the plaintiff that if she wanted to accept the appointment she should sign the acceptance form and return it. We assume that the defendants' standard notice of appointment form required this procedure in order to avoid the one-year provision of the Statute of Frauds in those cases in which the actual employment agreement for a particular academic year is reached during the prior academic year. *See* RSA 506:2. Thus the requirement of written acceptances serves a substantial interest of the college by assuring that it may enforce its employment agreements against its staff. Whether the Statute of Frauds would have prevented the defendants from enforcing the agreement with the plaintiff in this particular case is immaterial because the college had chosen to make written acceptance a requirement generally and specifically included this requirement in its offer to the plaintiff. Because the plaintiff failed to comply with the terms of the defendants' offer, she did not accept the offer and is not entitled to the protection of the termination provisions of the contract, as contained in the faculty handbook, regardless of whether her appointment was as an instructor or as a lecturer. The plaintiff's assertion that her performance of the duties of an instructor for the 1973–74 academic year consti-

tutes a valid acceptance is not persuasive because it failed to give the defendants a commitment that could be enforced against her had she decided to leave Wheelock during the academic year. The plaintiff cannot by not signing the acceptance deny the defendants their right to enforce the contract against her and at the same time claim its benefits against them.

The plaintiff next argues that the court's failure to make findings of fact and rulings of law was unconstitutional. The whole point of summary judgment is that there are no facts to be found.

Accordingly, the court's granting of the defendants' motion for summary judgment is affirmed.

*Affirmed.*

All concurred.