Cheshire
No. 80-222

CYNTHIA M. SETTLE

v.

JOHN ALDEN SETTLE, JR.

May 11, 1981

*Bergevin, Cloutier & D'Amours*, of Manchester (*Richard L. Rodman* on the brief and orally), for the plaintiff.

*Sayer & Kellett*, of Salem (*James A. Sayer, Jr.*, on the brief and orally), for the defendant.

PER CURIAM. This is an appeal from a finding of contempt by a Master (*Linda Stewart Dalianis*, Esq.) and a recommendation, approved by *Contas*, J., on April 17, 1980, that the defendant "take whatever steps are necessary to turn [over certain] items in his possession or control to [the] plaintiff, [his former wife] or be confined for a period not to exceed 30 days." We affirm the order of the court.

As part of a divorce decree effective July 3, 1979, certain marital assets were awarded to the plaintiff in accordance with a stipulation and agreements entered into by the parties. The defendant had previously, on March 30, 1979, filed a voluntary petition in bankruptcy.

A hearing on two petitions for capias was held on April 16, 1980. The only petition before us on appeal deals with the defendant's failure to deliver property to the plaintiff in accordance with the divorce decree. The record reveals that the defendant orally moved to dismiss the petition and to continue the hearing "until after a determination by the bankruptcy court." Both motions were taken under advisement and subsequently denied. The order was entered from which the defendant now appeals.

■ Mr. Settle first claims "that the finding of contempt was made without comparing exhibits or receiving any testimony from any party." The record discloses that the plaintiff filed a motion for clarification of the April 17, 1980 court order and that on November 19, 1980, the master found the following:

"1.   Defendant was permitted the opportunity to offer testimony and evidence at the hearing of April 16, 1980 on the petition for capias for failure to deliver personal property in accordance with the terms of the divorce decree. Defendant chose not to exercise the opportunity, after consultation with counsel but prior to commencement of the hearing.

2.   Defendant's counsel stipulated in chambers that the petitions could be decided from the records and pleadings before the court. This stipulation was changed— after defendant conferred with counsel prior to hearing, insofar as defendant's counsel indicated that his client did want to take the stand to testify concerning the petition for capias for falsifying a court document.

3.   The petition for capias for failure to deliver personal property was decided from the record and pleadings before the court as well as from defendant's failure to refute or defend against plaintiff's assertions and allegations."

We hold that the record supports the master's findings and rulings and that the defendant, having waived the opportunity "to offer testimony and evidence" at the April 16, 1980 hearing, cannot now be heard to complain. *See City of Rochester v. Smith,* 121 N.H. 184, 185, 427 A.2d 53, 54 (1981).

The defendant's second complaint is that the bankruptcy proceeding places him "under a legal impossibility [to] comply with the terms of the divorce decree" because the trustee in bankruptcy has constructive possession of the personal property and "[t]he issues of ownership . . . are to be litigated . . . [and] testimony will be required for accurate identification."

We are not persuaded by the defendant's argument. We rejected a similar underlying claim made by this defendant regarding his real estate assets when we upheld the granting of a motion for summary judgment in *Settle v. Keene Savings Bank*, 120 N.H. 827, 423 A.2d 986 (1980).

■ We have before us an appendix that consists of an order of the bankruptcy judge (*Betley*, J.) dated March 5, 1981, ruling that the defendant Settle has committed fraud upon the bankruptcy court and his creditors. Although this order confirms the vesting of title to the defendant's property in the trustee by operation of law at the time of the filing of the bankruptcy petition, *see Armand Engineering Co., Inc. v. Adrien A. Labrie, Inc.*, 121 N.H. 107, 111, 427 A.2d 15, 17 (1981), it recognizes the fact that the property is "subject however, to the claims of Cynthia [Settle] Meyer." Furthermore, this order leaves no doubt in a reasonable person's mind that neither the defendant nor his new spouse have any title or any possessory interest in any of the defendant's personal property.

The bankruptcy court order contains the following statement:

> "The court is constrained to observe that here we have a bankrupt, John Alden Settle, Jr. who has meticulously planned, prior to March 30, 1979, how to secrete his assets from his creditors and the trustee in bankruptcy, by arranging for storage facilities for his valuable personal property . . . resorting to the use of an alias . . . , hoping that he could this way elude detection and discovery on this secreted property. The bankrupt claims 'irreparable harm by virtue of the court's ex-parte orders permitting the trustee to collect this secreted property.' By virtue of these ex-parte orders, the trustee was able to corral this valuable property and avoid 'irreparable harm to his creditors.' "

■ Needless to say, we also are not persuaded by the defendant's alleged concern for the protection of the trustee's or creditors' rights and find that it is simply a sham designed to interfere with the orderly process of litigation.

We award the plaintiff attorney's fees in the amount of $300 under our Rule 23.

*Exceptions overruled; affirmed.*