Rockingham
No. 81-232

### DORIS STUDWELL & a.

v.

### THE TRAVELERS INSURANCE COMPANY

December 8, 1981

*Shute, Engel & Morse P.A.,* of Exeter (*Mark S. Gearreald* on the brief and *David Engel* orally), for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*Theodore Wadleigh* on the brief and orally), for the defendant.

KING, C.J.   This appeal arises from the Superior Court's (*Contas,* J.) decision to grant the defendant's motion for summary judgment in a suit brought by the plaintiffs alleging fraud, deceit and misrepresentation.

The facts giving rise to this action are as follows. On June 10, 1973, the plaintiffs, Doris Studwell, George Studwell, Edward Bateman, Catherine Bateman and Bradley Bateman, were riding in an automobile in Fairfield, Connecticut, when they were struck from behind by an automobile driven by Rene Negron of Fitchburg, Massachusetts. As a result of that accident, the plaintiffs retained a New Hampshire attorney to represent them. He wrote to Negron, but received no response. Subsequently, in January 1974, he wrote to the defendant, The Travelers Insurance Company, regarding its coverage of Rene Negron. The defendant responded that it could find no record of its coverage of Negron, but requested the plaintiffs' attorney to submit a police report. The plaintiffs' attorney sent an accident report to the defendant, but no police report.

In January 1975, the plaintiffs' first attorney turned the matter over to another New Hampshire attorney. This attorney did not contact the defendant or institute suit in either Massachusetts or Connecticut before June 1975, when the statute of limitations expired in both of those jurisdictions. On April 30, 1975, the plaintiffs' attorney began correspondence with the Concord Group Insurance Companies under a claim for uninsured motorist benefits. As a result of this correspondence, it was finally determined that the defendant had provided insurance coverage to Negron, but under a different address and for a different vehicle than the address and vehicle listed on the accident report. Consequently, the plaintiffs' claim for uninsured motorist benefits was denied, and the plaintiffs brought an action against Travelers for fraud, deceit and misrepresentation.

After reviewing the pleadings, exhibits and affidavits, the trial court granted the defendant's motion for summary judgment, having determined that, even viewing the facts in the light most favorable to the plaintiffs, there was no issue of material fact. The plaintiffs appealed to this court.

■■ To prevail in an action for misrepresentation, fraud or deceit, the plaintiffs must prove "that there was a misrepresentation of fact." *Munson v. Raudonis*, 118 N.H. 474, 477, 387 A.2d 1174, 1176 (1978). The plaintiffs have the burden of proving fraud "by clear and convincing proof." *Wilko of Nashua, Inc. v. Tap Realty, Inc.*, 117 N.H. 843, 849, 379 A.2d 798, 802 (1977) (citations omitted). "Fraud cannot be implied from doubtful circumstances." *Id.* at 849, 379 A.2d at 802.

■ In order to support its motion for summary judgment, the defendant had to prove that the pleadings contained no issues of

fact material to the allegation of fraud. *Settle v. Keene Savings Bank*, 120 N.H. 827, 829, 423 A.2d 986, 987 (1980); *see* RSA 491:8-a (Supp. 1979); *Arsenault v. Willis*, 117 N.H. 980, 983, 380 A.2d 264, 266 (1977). We agree with the trial court that the defendant sustained its burden. *See Armand Engineering Co., Inc. v. Adrien A. Labrie, Inc.*, 121 N.H. 107, 110, 427 A.2d 15, 16–17 (1981).

◼ In this case, the plaintiffs have not set forth any misrepresentation by the defendant. The defendant did not deny that it insured Rene Negron, but rather stated that it could find no record of coverage. As soon as the address and vehicle under which the policy was issued were determined, the defendant contacted the plaintiffs and indicated that it insured Negron. Therefore, the plaintiffs' pleadings, affidavits and exhibits, even viewed in the light most favorable to them, *Donnelly v. Kearsarge Telephone Co.*, 121 N.H. 237, 239–40, 428 A.2d 888, 890 (1981), do not set forth any issues of fact material to their allegation of fraud. The trial court properly granted the defendant's motion for summary judgment.

*Affirmed.*

All concurred.