Merrimack
No. 82-410

### D. W. Clark Road Equipment, Inc.

v.

### Murray Walter, Inc.
### and
### United States Fidelity and Guaranty Insurance Company

December 16, 1983

*Cleveland, Waters & Bass*, of Concord (*Michael C. Moyers* and *David W. Rayment* on the brief, and *Mr. Moyers* orally), for the plaintiff.

*James J. Bianco, Jr.*, of Concord, by brief and orally, for the defendants.

BROCK, J.  The defendants, Murray Walter, Inc. (Murray Walter) and United States Fidelity and Guaranty Insurance Company (USF&G) appeal from the granting of the plaintiff's motion for summary judgment, permitting the plaintiff to recover $58,282.80 on a performance bond. The plaintiff, D. W. Clark Road Equipment, Inc. (Clark) has cross-appealed from the denial of its claim for interest and attorney's fees.

The following underlying facts are not in dispute. In 1979, Murray Walter, a general contractor, entered into a public works contract with the City of Concord in connection with the construction of a waste water treatment facility. In accordance with RSA 447:16, USF&G executed and delivered a performance bond, naming Murray Walter as principal and USF&G as surety, conditioned upon the payment by Murray Walter for labor and materials furnished to the project by subcontractors, materialmen and suppliers. Murray Walter then entered into a subcontract with Binghamton Public Service Garage Corp. (Binghamton) for the purchase of a Vactor Model M800 Pump and Tank Unit mounted on a 1980 GMC truck. Bing-

hamton, in turn, contracted with the plaintiff Clark whereby Clark would supply the Vactor pump unit for $58,282.80. The pump was installed and delivered to Binghamton, which then delivered it to Murray Walter for use in connection with the project.

The City of Concord paid Murray Walter for the Vactor pump unit and truck. Murray Walter made a partial payment to Binghamton. Binghamton filed for bankruptcy without having made any payments to Clark. Clark then filed a claim against the performance bond in the Merrimack County Superior Court on October 13, 1981. On November 17, 1981, Clark filed a petition to enforce its claim pursuant to RSA 447:18.

Clark moved for summary judgment on April 12, 1982. The defendants objected. After a hearing on the motion, the Master (*Frank B. Clancy*, Esq.) recommended that the plaintiff's motion for summary judgment be granted in the amount of $58,282.80, but that the plaintiff be denied the requested interest and attorney's fees. By order of July 29, 1982, the Superior Court (*Souter*, J.) approved the master's recommendation. Both parties appealed. For the reasons which follow, we hold that the trial court properly granted the plaintiff's motion for summary judgment and affirm.

"Summary judgment should be granted only if the pleadings and materials submitted present no genuine issues of material fact." *Montrone v. Maxfield*, 122 N.H. 724, 726, 449 A.2d 1216, 1217 (1982); *see also* RSA 491:8-a, III. The defendants argue that there is a genuine issue as to two material facts; *i.e.*, the timeliness of the filing of Clark's statement of claim pursuant to RSA 447:17 and the amount claimed on the bond.

RSA 447:17 states in pertinent part: "To obtain the benefit of the bond, any person, firm or corporation having any claim for labor performed, materials, machinery, tools, or equipment furnished as aforesaid shall, *within 90 days after the completion and acceptance of the project by the contracting party*, file . . . a statement of the claim. . . ." (Emphasis added.) The defendants argue that either April 1, 1981 (the date of Clark's invoice for the Vactor pump) or June 30, 1981 (the date by which the City of Concord had paid Murray Walter for the Vactor equipment) should be termed the date of completion and acceptance of the project and that October 13, 1981 (the date of filing of the claim) therefore was in excess of the 90 days.

While it is doubtful that either of these dates is relevant to the date of completion and acceptance of the *project*, we note that this issue was not raised in either the defendant's objection or its affidavit in support of its objection to the motion for summary

judgment, and therefore we will not consider it on appeal. *Carbur's, Inc. v. A & S Office Concepts, Inc.*, 122 N.H. 421, 423, 445 A.2d 1109, 1111 (1982). Furthermore, the affidavit of Clark's president, which accompanied its motion for summary judgment, recited that the claim had been timely filed within the 90 days. Facts stated in the accompanying affidavits are deemed admitted unless contradicted by counter-affidavits or the opposing party files an affidavit *showing specifically and clearly reasonable grounds* for believing that contradictory evidence can be presented at a trial but cannot be furnished by affidavits. *See* RSA 491:8-a, II.

■ The defendants next argue that there is a genuine issue as to the amount claimed on the bond. The plaintiff alleged in both its motion and accompanying affidavit that the defendants owed $58,282.80 as the principal amount. The plaintiff attached an invoice reflecting this amount. The defendants in their counter-affidavit "dispute the amount of the claim which has been presented and is claimed by D. W. Clark Road Equipment, Inc." We hold that this mere denial is insufficient to raise a genuine issue of material fact. *See Community Oil Co. v. Welch*, 105 N.H. 320, 322, 199 A.2d 107, 109 (1964); *see also Lortie v. Bois*, 119 N.H. 72, 74, 398 A.2d 540, 542 (1979).

■ The defendants also argue that the statements in their affidavits regarding "competing claims for various payments related to the Vactor trucks" which "exceed the total amount which the plaintiff [sic] had agreed to pay" sufficiently raise what they *now* characterize as issues of charge-backs and double recovery by the plaintiff. We find this argument to be without merit. "[T]he adverse party may not rest upon mere allegations or denials of his pleadings, but his response, by affidavits or by reference to depositions, answers to interrogatories, or admissions *must set forth specific facts* showing that there is a genuine issue for trial." RSA 491:8-a, IV. (Emphasis added.) These allegations by themselves fail to set forth specific facts showing a genuine issue for trial. *See Armand Engineering Co., Inc. v. Adrien A. Labrie, Inc.*, 121 N.H. 107, 110, 427 A.2d 15, 17 (1981); *Arsenault v. Willis*, 117 N.H. 980, 983, 380 A.2d 264, 266 (1977).

■ We hold that, based upon the pleadings and affidavits before him, the trial court was correct in determining that there was no genuine issue as to any material fact, and that the plaintiff was entitled to judgment as a matter of law.

The defendants set forth issues in their notice of appeal regarding

the choice of law to be applied and whether the plaintiff is required to proceed against Binghamton's assignee of accounts receivable prior to asserting a claim as against the performance bond. We do not view the defendants' passing reference to these issues in their brief as properly raising those issues on appeal, and we therefore deem them waived and decline to address them.

■ The plaintiff has cross-appealed from the denial of its customary interest charge of 18%. The master correctly stated that the plaintiff is not entitled to interest at the rate of 18% unless it has been agreed to. *See* RSA 336:1 (Supp. 1981). The agreement shall be *in writing. Id.* The plaintiff stated in its motion and accompanying affidavit that it is entitled to the 18% rate because that is its customary rate and was never objected to by the defendants. The plaintiff submitted a sample statement form which recites that a finance charge of 18% is charged on all overdue accounts. We hold that this was insufficient and that the plaintiff has failed to show its entitlement to judgment on this issue as a matter of law. *See* RSA 491:8-a, III.

■ The plaintiff has also cross-appealed from the denial of attorney's fees. RSA 491:8-a, V, authorizes the court to order the payment of reasonable attorney's fees as part of the reasonable expenses caused by the filing of affidavits if the court finds that the opposing party presented its affidavits in bad faith or solely for the purpose of delay. The plaintiff accuses the defendants of failing to answer the plaintiff's petition candidly and raising clearly frivolous defenses. The plaintiff argues that this conduct falls within the description of "bad faith" as discussed in *Harkeem v. Adams,* 117 N.H. 687, 377 A.2d 617 (1977). The master found that the defendants did not act "in bad faith, vexatiously, wantonly, or for oppressive reasons" and that the affidavits were not presented in bad faith or solely for the purpose of delay. On the record before us, we are unable to find that the master abused his discretion.

*Affirmed.*

SOUTER, J., did not sit; the others concurred.