Hillsborough
No. 85-393

## Deborah Severance Baker

v.

## Sheila A. Wilmot

May 12, 1986

*Winer, Pillsbury and Bennett*, of Nashua (*Peter G. Webb* on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Robert C. Dewhirst* on the brief and orally), for the defendant.

### Memorandum Opinion

On plaintiff's motion for summary judgment under RSA 491:8-a, the Superior Court (*Bean*, J.) made findings of fact and noted a "possible material mistake" of fact by the parties. Such findings of fact exceeded the trial court's authority on motion for summary judgment which is limited to determining whether a "genuine issue of material fact requiring a formal trial" exists. *Arsenault v. Willis*, 117 N.H. 980, 983, 380 A.2d 264, 266 (1977). Moreover, the "possible" factual issue, if genuine, was itself sufficient to preclude summary judgment. Since the trial court did not find that there was no genuine issue of material fact, the order of summary judgment was erroneous.

We note that § 20 of the defendant's response states that there are "no genuine issues as to any *relevant* facts." (Emphasis in original.) It is clear, however, that the defendant judged relevance by a legal theory that the trial court rejected.

There being no basis to sustain the order, the summary judgment for the plaintiff must be reversed.

*Reversed.*