## PARSONS *v.* MERRILL.

Money placed by A in the hands of B to be used in the purchase and location of government lands at government price, in the joint names of A and B, must be accounted for at the price actually paid for the land, though it was less than government price.

A placed in the hands of B $2,000, to be used in the purchase and location of government lands at government price, B agreeing to pay A five per cent. interest annually, and $1,000, and one half the proceeds of the lands when sold.   B expended $1,800 in the purchase and location of lands under this agreement;—*Held*, that A was entitled to recover the interest on the sum invested at the end of each year, even though the lands had not been sold.

DEBT, upon a contract under seal.   Pleas : I, *Nil debet;* II, Satisfaction; III, Set-off.   Facts found by a referee.

The defendant furnished the plaintiff $2,000, to be used in the purchase and location of government lands at government price. The defendant was to be a joint tenant with the plaintiff in the lands, and to have one half the gain, income, and avails of the land at all times, and, when sold, one half the proceeds.   The defendant was to pay one half the taxes on the land until sold, and to pay the plaintiff five dollars yearly toward the expense of taking care of the land.   The plaintiff was to locate the land at his own expense, pay one half the taxes, take charge of the lands, and pay the defendant when the lands were sold $1,000, being half of the original fund, and five per cent. annually on the $2,000, and to have one half of the avails of the land when sold.

The lands were to be located in the names of both parties; and

the plaintiff agreed that he would not locate land in his own right until the $2,000 was expended.

The plaintiff located 1,600 acres in the names of the parties jointly, for which he paid $1,800, and the balance of the $2,000 he used to locate lands in his own name. The government price was $1.25 per acre, but the plaintiff obtained the lands, by purchasing county land warrants, at a less price. The lands have not been sold. This suit is brought to recover the five dollars per year for taking care of them, and one half the taxes paid on them, with interest.

The defendant, in his set-off, claims to recover the $200 not expended, with interest, and five per cent. annual interest upon the $2,000 furnished by him to the plaintiff.

*Parsons*, for the plaintiff.

*Ray, Drew & Jordan*, for the defendant.

STANLEY, J. The plaintiff received the whole sum of $2,000, as trustee, for the use of the defendant and himself. By the agreement, it was all to be invested in land in the names and for the joint benefit of both parties. The plaintiff could derive no benefit to himself alone. Whatever benefits he received he was bound to share with the defendant. The statement in the contract, that the money was to be used in locating government lands at government price, cannot be regarded as anything more than fixing the limit beyond which the plaintiff should not go in paying for them. If he had purchased them for twenty-five cents per acre, the plaintiff would not have had the right to retain the balance after purchasing the number of acres which the money put into his hands would pay for at the government price. According to the agreement, the whole of the $2,000 should have been invested in lands in the joint names of both. Instead of this, the plaintiff invested $200 in lands in his own name; but this did not make the lands so located exclusively his own. He held the title to them, as he did the money, in trust for the joint benefit of both parties, and the defendant, if he had so elected, would be entitled to one half the proceeds and avails of the same; but he has not;—on the contrary, he has elected to recover the money, and this he may do.

He may also recover the interest on the $1,800 invested in the lands. The true construction of the contract on this point is, that the interest is payable annually, that is, at the end of each year. It is like a note where the interest is payable annually. The payee may call for it at the end of each year. The plaintiff agreed to pay five per cent. on the $2,000 annually, not from the proceeds of the land, but from his own funds. When the lands are sold, the amount paid for them is to be first deducted, and the balance equally divided. The plaintiff is chargeable with the $200 paid by

him for lands located in his own name, and six per cent. interest thereon, and should not be charged with five per cent. interest on more than he paid for lands located on joint account.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.