Rockingham, }
March 5, 1918. }

### SETH M. HANSON *v.* JOSIE D. HANSON.

For jurisdictional purposes, a domicile once existing continues until another is
acquired.

LIBEL FOR DIVORCE, for abandonment.   The libelee for more
than three years prior to the filing of the libel had her home and
domicile in Portsmouth.   The libelant had his home and domicile
there up to a year or two ago, when he left the state, and has worked
in one or more places since then.   After leaving Portsmouth he
retained no home there in a physical sense.   He has no plan of
returning to Portsmouth to reside.   Nor has he acquired a domicile
elsewhere.   The question whether the court has jurisdiction to
grant a divorce was transferred without a ruling by *Allen,* J., from
the October term, 1917, of the superior court.

*Ovide J. Coulombe,* for the libelant.

WALKER, J.   One essential requirement to a decree for a divorce
is that it must appear that the libelant was a resident of, or had his
legal domicile in, this state, when the libel was filed.   *Shatney* v.
*Shatney,* 76 N. H. 391; *Burgess* v. *Burgess,* 71 N. H. 293.   Whatever
distinction there may be between the words "residence" and
"domicile" when strictly defined, it is clear that the legislature in

conferring jurisdiction upon the court in divorce cases (P. S., *c.* 175, *ss.* 3, 4) used the words as substantially convertible terms. The plaintiff must be "domiciled within this state"; that is, he must prove the jurisdictional fact that he has established his home in the state and that he has not lost it by acquiring one elsewhere.

The fact that the plaintiff had a domicile in Portsmouth until he left the state and the fact that he has acquired no new domicile are determinative of the question transferred. For jurisdictional purposes a legal domicile once existing continues until another is acquired. This principle was applied in *Ayer* v. *Weeks*, 65 N. H. 248, to sustain the jurisdiction of the probate court in an insolvency proceeding, where it appeared that the debtor at the time the petition was filed had left the state with no intention of returning and that he had established no domicile elsewhere. The court say: "The fact that he left Somersworth with the intention never to return did not destroy his domicile there. Until he had gained a domicile elsewhere, he remained a resident within the jurisdiction of the insolvency court and liable to be proceeded against in insolvency." This reasoning is applicable to the present case. The plaintiff had a domicile in Portsmouth; he has acquired no other domicile; hence his present domicile is in Portsmouth; and the court has jurisdiction of the case. *Gilford* v. *Gilmanton*, 1 N. H. 194, 197; *Hanover* v. *Weare*, 2 N. H. 131, 132; *Moore* v. *Wilkins*, 10 N. H. 452; *Horn* v. *Tufts*, 39 N. H. 478, 483; *Abington* v. *North Bridgewater*, 23 Pick. 170; *Borland* v. *Boston*, 132 Mass. 89; *Mitchell* v. *United States*, 21 Wall. 350; 1 Whart. Confl. Laws, *ss.* 55, 55a.

*Case discharged.*

All concurred.