Strafford, } No. 3474.
June 26, 1944. }

SADIE LEMIRE *v.* JOHN HALEY, *Adm'r.*

*Hughes & Burns* and *Walter A. Calderwood* (*Mr. Calderwood* orally), for the plaintiff.

*Cooper, Hall & Grimes* and *George D. Varney* (*Mr. Cooper* orally), for the defendant.

MARBLE, C. J.  As a general rule, questions of law once decided in a particular case will not be re-examined upon a subsequent transfer. *Vallee* v. *Company*, 89 N. H. 558; *Watkins* v. *Railroad*, 84 N. H. 124, 126; *Robertson* v. *Monroe*, 80 N. H. 258, 264; *Whittemore* v. *Railroad*, 77 N. H. 61, 62; *Kidd* v. *Company*, 75 N. H. 154, 158, and cases cited.  This rule applies to many of the questions presented by the present record.

The defendant requested the Court to instruct the jury that the value of the services which the plaintiff rendered the decedent was not to be determined by the benefit which the decedent derived therefrom but by the detriment which the plaintiff suffered in rendering those services; that in determining the reasonable value of the services the jurors were to consider the amount and kind of work the plaintiff performed and the rate customarily paid for similar services at that time and in that locality, and that they were not to consider on the issue of value the personal relationship existing between the plaintiff and the decedent.

Cases which adopt the detriment rule for which the defendant contends treat the party who relies on the Statute of Frauds as if he were a contract-breaker (Williston & Thompson, Contracts, *s.* 536) and permit the plaintiff to recover for his loss even though the actual benefit conferred upon the defendant has been negligible.  See note on *Randolph* v. *Castle*, 190 Ky. 776, in 5 Minn. Law Rev. 567; 71 C. J. 166, *s.* 142.  The Presiding Justice did not deny the defendant's requests altogether but instructed the jurors that in determining the reasonable value of the plaintiff's services they were to consider "the

detriment and inconvenience she incurred and the responsibility she assumed of which the decedent was relieved."

The measure of damages commonly applied in cases of this kind is the fair price it would have cost to obtain the service in question from a person in the plaintiff's position. Restatement, Contracts, s. 348, *Comment a.* But the plaintiff's position here was not that of an ordinary domestic servant or nurse, and it could well be found that her work, because of its high quality, was reasonably worth more than the rate customarily paid for the type of service she performed. As indicated in the last opinion, the fact that she occupied the position of a foster daughter was a circumstance to be considered with other evidence as tending to prove that her services were especially valuable.

It should be borne in mind that the end sought to be attained in this class of cases is restitution for benefits received, the term "received" not being "narrowly defined" (Restatement, Contracts, s. 348, *Comment a*), and although there may be no precise commercial standard by which to measure the value of a particular service in view of the individual qualities of the person who performs it (see Wig. Ev., 3d *ed.*, s. 715), this does not mean that its value cannot be fairly appraised. The usual rules for determining what a person's services are reasonably worth govern, so far as applicable, and the jury in deciding the question of value is entitled to consider the situation and relationship of the parties as well as the nature and extent of the services rendered. *Ham* v. *Goodrich*, 37 N. H. 185, 190; Sutherland, Damages (4th *ed.*), s. 679, *p.* 2474; 2 Sedgwick, Damages (9th *ed.*), s. 664a; Annot., 69 A. L. R. 14, 100.

"The ascertainment of the fair market value of services so unusual in nature and so uncommon in ordinary experience is doubtless a matter of some difficulty, but the problem lies primarily in the domain of fact and its solution must to a large extent be left to the good sense, practical wisdom and sound judgment of the trier of fact, mindful of the evidence and guided by the correct principles of law." *Downey* v. *Company*, 312 Mass. 405, 417.

The defendant is of course correct in his contention that the value which the decedent placed upon the companionship and affection of the plaintiff is not an element of recoverable damage. But the Court did not advise the jury that it was, and no request for an instruction on the subject was made other than the request that the jury be instructed not to give any consideration at all to the "personal relationship of Sadie and Mr. Haley."

This request was properly denied. In the event of its denial the defendant requested an alternative instruction to the effect that the jury in determining the "additional value" of the plaintiff's services because of the personal relationship should consider "the loss or detriment to Sadie in rendering such services, as well as the benefits arising to Mr. Haley." Since that part of the charge relating to detriment and benefit was a substantial compliance with this request, the defendant cannot now challenge the correctness of the instructions in those particulars.

Defendant's counsel, computing the value of the plaintiff's services on the basis of definite rates, contend that any sum in excess of $3,532 is unwarranted. This is not true, however, as a matter of law, and the Presiding Justice was not asked to set the verdict aside as excessive.

The Court declined to grant the defendant's motion, made in advance of trial, that plaintiff's counsel be told to refrain "from referring to or offering to introduce" in evidence "any detailed recital of the relationship of Sadie and the Haleys, other than that she came to them as a little girl, grew up in their family and facts which tend to show that both she and the Haleys had a relationship or love, affection and confidence in each other." The extent to which these matters required consideration before any offer of proof had been made was determinable by the trial Court.

The denial of the request that the jury be cautioned not to consider the fact that the case had been previously tried was likewise within the trial Court's discretion.

Plaintiff's counsel in his argument to the jury called attention to the fact that the decedent "stood in the same position to Sadie Lemire as if he was her own father," the only difference being that "when he died Sadie wouldn't inherit his estate." The defendant objected to the argument, and the Court then stated to the jury that the case was being tried on the basis of fair compensation for the services which the plaintiff had rendered the decedent and that the jury in determining the amount of the verdict was not to consider "the question whether she is an heir or who is an heir." The defendant's exception "to that line of argument" is unavailing in view of the Presiding Justice's instructions and his subsequent assertion that it seemed to him that his remarks to the jury had taken care of the matter. *Wright* v. *Woodward*, 79 N. H. 474, 477, 478.

The jurors were told not to include interest in the amount of the verdict they might render. After the verdict was returned the

plaintiff moved for judgment on the verdict with interest from November 8, 1938, the date of the original demand, to the date of final judgment. There was no error in the denial of this motion. If a plaintiff's claim for damages in *quantum meruit* is based on established market values or other generally recognized standards, interest is recoverable. *Dame* v. *Wood*, 75 N. H. 38. But where, as here, the plaintiff's demand is not so based, interest is not usually allowed. *Faber* v. *New York*, 222 N. Y. 255, 262; Sutherland, Damages (4th ed.), s. 347; 1 Sedgwick, Damages (9th *ed.*), s. 312, *p.* 614. See, also, Williston & Thompson, Contracts, s. 1413.

Furthermore, where recovery is sought both on a *quantum meruit* and for breach of an express contract, in no event will interest run until an election has been made. See Sutherland, Damages (4th *ed.*), s. 324, *p.* 1016. In the present case it is doubtful if the plaintiff, in view of her continued insistence on the right to recover on the special contract, has ever elected to proceed in *quantum meruit*. Certainly no such election was made at the time of the original demand.

The questions of law presented by the remaining exceptions have been decided on previous transfers of this case. All exceptions are overruled.

*Judgment on the verdict.*

All concurred.