Merrimack
No. 81-039

VIOLA M. SUOJANEN

v.

DAVID E. TARDIF, ADMINISTRATOR w.w.a.
OF THE ESTATE OF LORENZO P. DIVERSI

November 20, 1981

*Branch & Greenhalge P.A.*, of Concord (*Robert D. Branch* on the brief and orally), for the plaintiff.

*Stanley, Tardif & Shapiro*, of Concord (*R. Peter Shapiro* on the brief and orally), for the defendant.

Bois, J.   This appeal arises from a Master's (*Frank B. Clancy,* Esq.) report, approved by the Superior Court (*DiClerico,* J.), which awarded $24,900 damages in quantum meruit to the plaintiff, for services rendered to the decedent, Lorenzo P. Diversi. The defendant, the administrator of the Diversi estate, challenges the validity and amount of the award, and also claims that the master committed reversible error when he questioned the plaintiff at trial regarding the extent of her damages. We find the defendant's arguments unpersuasive and therefore affirm.

The decedent became a patient at a nursing home after suffering a stroke in 1972. In April 1973, he asked the plaintiff, a close friend for many years, if she would care for him at her home in Concord. When she agreed, the decedent moved into her home on

April 19, 1973, and he remained there until shortly before his death on July 23, 1978.

During this period, the plaintiff, a retired housekeeper living on social security, performed numerous household chores for the decedent, including cooking, washing, shopping, banking and bookkeeping. She also provided extensive nursing care for the decedent, who suffered from partial paralysis and could not dress himself. Following the development of additional medical problems resulting in amputation of the decedent's leg in 1974, the plaintiff regularly helped Mr. Diversi in and out of his wheelchair, and assisted him with therapy and exercising.

While residing with the plaintiff, the decedent initially paid her $100 per month, but subsequently increased this amount to $150 per month when the plaintiff informed him of escalating grocery prices. In addition, the decedent gave the plaintiff $4,000 so that she could buy out her sister's interest in her house. Upon his death in 1978, Mr. Diversi left the plaintiff a legacy of $5,000.

Despite these payments, the plaintiff, following the decedent's death, sought to obtain full compensation for the nursing services which she had provided him. When the decedent's estate refused to compensate her for these services, she brought suit in superior court. The Superior Court (*Contas*, J.) adopted a Master's (*Roger G. Burlingame*, Esq.) finding that no genuine issues of material fact or law existed and granted summary judgment for the defendant. In *Suojanen v. Tardif*, 120 N.H. 574, 419 A.2d 1088 (1980), however, we set aside the lower court ruling and remanded for a hearing on the merits. *Id.* at 576, 419 A.2d at 1090.

The case was again heard by a Master (*Frank B. Clancy*, Esq.), who ruled that no contract regarding nursing services existed, and that the plaintiff was entitled to a $24,900 verdict based on quantum meruit. The Superior Court (*DiClerico*, J.) approved the master's recommendation and the defendant brought this appeal.

■■ The defendant alleges that the decedent's agreement to pay the plaintiff $100 (later $150) per month included compensation for her nursing services, and that the master erred in awarding damages in quantum meruit for these same services. We have stated that a master's "findings and rulings will be upheld unless they are unsupported by the evidence or are erroneous as a matter of law." *Summit Electric, Inc. v. Pepin Bros. Constr., Inc.*, 121 N.H. 203, 206, 427 A.2d 505, 507 (1981); *Hynes v. Whitehouse*, 120 N.H. 417, 421, 415 A.2d 876, 878 (1980). We will not substitute our judgment for the master's judgment. *See Merchants Nat'l Bank v. Town of Exeter*, 120 N.H. 157, 160, 412 A.2d 1016, 1017 (1980).

■ The record in this case contains sufficient evidence to support the master's finding that the parties' oral agreement did not include nursing services. The plaintiff testified that the agreement was intended to cover only room and board, and that the decedent promised to provide her with additional funds. The record reveals that the plaintiff performed substantial nursing services; a rational trier of fact would certainly have concluded that the value of these services far exceeded the $100 monthly payments. Based on these facts and the absence of contrary evidence, we hold that the master could reasonably have found that no agreement existed regarding nursing services. The granting of damages in quantum meruit for these services, therefore, did not constitute error.

■ We also reject the defendant's contention that the master should have deducted the $4,000 gift, the $5,000 bequest and the room and board payments, from the amount which he awarded the plaintiff. The defendant failed to prove that the decedent intended these payments as compensation for the plaintiff's nursing services. In view of the absence of clear proof linking these payments to the plaintiff's nursing services, the master could properly determine the amount of the award without considering these other transactions.

The defendant argues, in the alternative, that the parties' close relationship created a presumption that the nursing services were rendered gratuitously. The defendant claims that the master erred when he ruled that "the enormity of the nursing services" and "the absence of a closer relationship" rebutted this presumption.

■■ Assuming *arguendo* that the presumption of gratuitousness existed in this case, we again find that the record contains ample evidence supporting the master's ruling that the presumption was rebutted. The record indicates that the decedent told the plaintiff that "I expect to pay you" and that "you will be well taken care of and well compensated." Although the master's rationale for dismissing the presumption may have been suspect, his conclusion was obviously correct. We find no reversible error in the master's ruling because "[i]t is well settled . . . that 'a wrong reason given by a court does not invalidate a correct ruling.' " *Sprague v. Town of Acworth*, 120 N.H. 641, 643, 419 A.2d 1075, 1076 (1980) (quoting *H. P. Hood & Sons, Inc. v. Boucher*, 98 N.H. 399, 404, 101 A.2d 466, 469–70 (1953)); *see Burns v. Bradley*, 120 N.H. 542, 546–47, 419 A.2d 1069, 1072 (1980).

■ We also dismiss the defendant's argument that the master wrongfully usurped the plaintiff's burden of proving damages,

when he asked her how much she expected to receive for her services. The plaintiff clearly had a duty to prove her damages by a preponderance of the evidence. *See Grant v. Town of Newton*, 117 N.H. 159, 162, 370 A.2d 285, 287 (1977). We hold, however, that the plaintiff's "proof" could come in the form of an answer to a master's question.

██ The universal rule is that a trial judge or master has inherent power to elicit information from witnesses, as long as the questioning is performed in an impartial manner. *See In re Ronnie Prime*, 120 N.H. 849, 850, 424 A.2d 804, 805 (1980); *McCartney v. Commission on Judicial Qualifications*, 12 Cal. 3d 512, 533, 526 P.2d 268, 283, 116 Cal. Rptr. 260, 275 (1974). We find that the master's objective in questioning the plaintiff regarding damages was to clarify this issue in the interests of justice; there is no indication that he was motivated by bias. Furthermore, the master's questioning occurred before the plaintiff had rested her case, and she would still have had an opportunity to present evidence of her damages if the master had not intervened. The master's questioning in this case thus did not constitute reversible error.

██ Finally, we hold that the plaintiff's testimony regarding the estimated value of her services constituted a sufficient basis for the master's award of damages. The ascertainment of the fair market value of services "lies primarily in the domain of fact and its solution must to a large extent be left to the good sense, practical wisdom and sound judgment of the trier of fact." *Lemire v. Haley*, 93 N.H. 206, 208, 39 A.2d 10, 12 (1944) (quoting *Downey v. Union Trust Co.*, 312 Mass. 405, 417, 45 N.E.2d 373, 380 (1942)). We conclude that the master did not abuse his discretion in basing his award of damages solely upon the plaintiff's testimony and his own practical knowledge of the cost of nursing services. *Cf.* 3 WIGMORE, EVIDENCE § 715, at 53 (Chadbourn rev. 1970).

*Affirmed.*

All concurred.