Hillsborough
No. 81-382

P. DAVID WALKER

v.

TOWN OF GOFFSTOWN

July 14, 1982

*Cullity & Kelley,* of Manchester (*E. Paul Kelly* on the brief), by brief for the plaintiff.

*Perkins, Upshall & Robinson P.A.,* of Concord (*Kenneth L. Robinson, Jr.,* on the brief), by brief for the intervenor, Emery Wheeler.

BOIS, J.   This is an appeal from a decision of the Superior Court (*Johnson,* J.) overturning a zoning exception granted by the Goffstown Board of Adjustment to Emery Wheeler. The sole issue presented to us is whether the trial court erred in basing its decision upon information which it elicited at trial. We find no error and affirm.

In August 1980, Emery Wheeler applied to the Goffstown Board

of Adjustment for a special exception to convert a barn, attached to his home, into two one-bedroom apartments. Following a hearing, the board granted the special exception pursuant to article V, section B-3-g of the Goffstown Zoning Ordinance, which permits the "conversion of an already existing one-family dwelling into one-bedroom or studio apartment[s]."

The plaintiff, a neighborhood resident, objected to the granting of the exception, but the board denied his application for a rehearing. The plaintiff appealed to the superior court, claiming that the board had improperly granted the exception because the proposed conversion did not comply with the general requirements set forth in the town zoning ordinance. Specifically, he argued that the proposed conversion violated certain requirements concerning lot area, parking, and neighborhood development.

A hearing was held in August 1981. Mr. Wheeler, the owner of the building, took the stand and, in response to his attorney's questions, testified about the physical appearance of his property. During this testimony, the trial judge asked the witness to describe the building which he sought to convert. Mr Wheeler stated unequivocally that the building was a barn, and his attorney later agreed with this characterization. The trial judge, however, noted that article V, section B-3-g of the Goffstown Zoning Ordinance, the provision upon which the exception had been granted, permitted the conversion of only "one-family dwellings." In view of this information, he questioned the attorneys as to whether a barn fell withing the definition of a "one-family dwelling." All parties were given an opportunity to respond to this question, and counsel for Mr. Wheeler presented various arguments with respect to this issue.

In its decree, the trial court found that Mr. Wheeler's barn did not constitute a "one-family dwelling" as defined in the zoning ordinance, and that the board of adjustment had therefore granted the exception improperly. The court rescinded the exception and denied Mr. Wheeler's motion for reconsideration, and he then brought this appeal.

Mr. Wheeler argues that the trial court erred in deciding the case upon grounds not specifically raised by the plaintiff. He further argues that the trial court failed to afford him a sufficient opportunity to respond to the issue raised by the trial court.

We reject these arguments. In *Suojanen v. Tardif*, 121 N.H. 1036, 437 A.2d 310 (1981), we recently held that a trial judge who acts impartially has inherent authority to elicit information at trial. *Id.* at 1040, 437 A.2d at 312; *see also In re Ronnie Prime*, 120 N.H. 849, 850, 424 A.2d 804, 805 (1980). We also held in *Suojanen* that,

although the moving party had the burden of proof, such " 'proof' could come in the form of an answer to a master's question." 121 N.H. at 1040, 437 A.2d at 312.

■ In the instant case, the trial court's questioning was fair and even-handed. While the plaintiff did not raise the specific theory which the court relied upon in its decision, the plaintiff did allege that the board of adjustment failed to follow the general requirements of the Goffstown Zoning Ordinance. Additionally, the plaintiff introduced into evidence the zoning ordinance, which was the basis for the court's decision. This evidence, along with Mr. Wheeler's responses to the judge's questions, revealed that the board of adjustment's decision was unlawful. The evidence thus satisfied the plaintiff's burden of proving the illegality or unreasonableness of the board's action. *See Belanger v. City of Nashua*, 121 N.H. 389, 391, 430 A.2d 166, 168 (1981); RSA 31:78 (Supp. 1981).

■ We hold that the trial court acted within its sound discretion in considering whether Mr. Wheeler's barn was a "one-family dwelling" as defined by the zoning ordinance. In addition, a review of the record indicates that the trial court permitted Mr. Wheeler to respond to this issue on at least three occasions. We conclude, therefore, that Mr. Wheeler was given a sufficient opportunity to argue his case.

*Affirmed.*

DOUGLAS and BROCK, JJ., did not participate; the others concurred.