Merrimack
No. 85-045

### DAVID R. ASADORIAN

v.

### DIANE M. ASADORIAN

October 30, 1985

*Law Offices of R. John Roy*, of Manchester (*Janos Bobula* and *R. John Roy* on the brief), by brief for the plaintiff.

*Rinden Professional Association*, of Concord (*Richard Y. Uchida*) and *Schiavoni, Cirome & Mooradian*, of Haverhill, Massachusetts (*Alfred J. Cirome* on the brief), by brief for the defendant.

### MEMORANDUM OPINION

This is an interlocutory appeal from the Superior Court's (*Dunn*, J.) approval of the Master's (*Bruce F. DalPra*, Esq.) recommendation in a divorce action that defendant's motion to dismiss the libel

for lack of jurisdiction over the parties be denied. We affirm and remand.

In April 1984, David Asadorian filed a libel for divorce on the basis of irreconcilable differences resulting in the irremediable breakdown of his marriage. RSA 458:7-a. Counsel for the Massachusetts-domiciled defendant, Diane Asadorian, filed a special appearance on April 25, 1984. The parties thereafter agreed not to file any further adversarial pleadings because their child was seriously ill. On October 12, 1984, the defendant moved to dismiss the libel for lack of compliance with the jurisdictional requirements of RSA 458:5. After an initial continuance granted for the purpose of allowing the parties to file memoranda of law on the effect of a general appearance on the jurisdictional requirements of the statute, a hearing was held on December 13, 1984, before a master. The master found that the defendant had failed to file her motion in a timely manner under Superior Court Rule 14, and ruled that she had thereby waived her right to challenge the trial court's jurisdiction. In addition, the master independently found that the plaintiff had met the jurisdictional requirements of the statute.

■ It is undisputed that Ms. Asadorian failed to comply with the portion of Superior Court Rule 14 which states that "[s]pecial appearances shall be deemed general thirty days after the return day of the action, unless a special plea or motion to dismiss is filed within that time." The defendant concedes that the motion to dismiss was not filed until well after the thirty-day period had expired. The master ruled, and we agree, that under Superior Court Rule 14, the failure to so file within the requisite time resulted in the conversion of her appearance from special to general, thereby foreclosing any jurisdictional challenge she could have raised. *See generally R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE* § 514 (1984).

The defendant nevertheless maintains that, because of the strictly statutory nature of jurisdiction over the parties in divorce cases, *see Porter v. Porter*, 112 N.H. 403, 405, 296 A.2d 900, 901-02 (1972), the lack of jurisdiction in the first instance prevents the use of a general appearance to confer jurisdiction. However, the master found that the statutory requirements of RSA 458:5, III were met in this case.

■ The standard of review in an appeal from a master's recommendation is that the "'findings and rulings will be upheld unless they are unsupported by the evidence or are erroneous as a matter of law.' We will not substitute our judgment for the master's judgment." *Suojanen v. Tardif*, 121 N.H. 1036, 1038, 437 A.2d 310, 311 (1981) (quoting *Summit Electric, Inc. v. Pepin Brothers Const.*,

*Inc.*, 121 N.H. 203, 206, 427 A.2d 505, 507 (1981)) (citation omitted). In this instance, based upon our review of the record, the master's determination was supported by evidence which, though conflicting, showed that the plaintiff had been domiciled in New Hampshire since January 1983. We hold that, from the evidence adduced at the hearing below, the master could reasonably have found that plaintiff had been domiciled in New Hampshire for one year preceding the institution of his libel for divorce. Accordingly, the master properly concluded that the court had jurisdiction over the parties under RSA 458:5. Therefore, defendant's motion to dismiss was properly denied.

Counsel have advised the Court that there are proceedings in the Commonwealth of Massachusetts in which both parties have appeared and filed stipulations relative to a divorce decree. Whether or not the present appeal is moot or what effect the Massachusetts proceedings may otherwise have in this matter may properly be considered in the trial court on remand.

*Affirmed and remanded.*