Belknap
No. 87-344

### Meher Vazifdar

v.

### Jehangir P. Vazifdar

July 28, 1988

*Carroll R. Hunter P.A.*, of Meredith (*Carroll R. Hunter* on the brief and orally), for the plaintiff.

*Hamblett & Kerrigan P.A.*, of Nashua, and *Jonathan B. Marks*, of Washington, D.C. (*John P. Griffith* on the brief, and *Mr. Marks* orally), for the defendant.

THAYER, J. In this divorce case the defendant, Jehangir Vazifdar, appeals an order of the Superior Court (*Manias*, J.) denying his motion to dismiss. The issue presented is whether the superior court abused its discretion in exercising jurisdiction over the parties' marital status rather than deferring that issue to the Parsi Matrimonial Court of India. The defendant contends that Parsi law, under which the parties were married, dictates that the Parsi Matrimonial Court is the only appropriate forum for determining the issue of marital status and that while New Hampshire has a valid jurisdiction, it should decline it. For the reasons that follow, we affirm.

The Vazifdars were married in 1964, in Bombay, India, under the Parsi Marriage and Divorce Act. They moved to New Hampshire in 1976 with their two children, who were then minors, and purchased a home in Meredith, where the plaintiff since has resided. For reasons not reflected in the record, the defendant returned to India, after his family settled in New Hampshire, and has remained in India where he maintains a medical practice. Prior to the plaintiff's initiation of a divorce proceeding, Dr. Vazifdar would travel from Bombay to New Hampshire to visit his family several times a year.

The plaintiff, Meher Vazifdar, filed for a divorce on January 15, 1986. At the time of the initial hearing, one of the Vazifdars' children was a high school student in Meredith; the other attended Dartmouth College. The plaintiff's ailing father, whom she had removed from India, also resided with her. In addition to their real estate, the Vazifdars have owned and registered automobiles in New Hampshire, and they have maintained bank accounts in Meredith and Laconia banks. The plaintiff has maintained her own separate bank account in New Hampshire as well.

On January 16, 1986, the day after plaintiff filed the divorce action, the defendant was served personally with the libel and *ex parte* temporary orders, in Meredith. Thereafter, the defendant appeared *pro se* at the hearing on the continuation of the temporary

orders. After the hearing, the master continued the temporary orders then in effect.

In February, 1986, the defendant filed a motion to dismiss the action based on jurisdictional grounds. After a hearing on the motion in October, 1986, the Master (*Stephanie Nute*, Esq.) found, *inter alia*, that in addition to both real and personal property owned in New Hampshire, the parties have assets outside the United States. The master recommended that the court retain jurisdiction and deny defendant's motion to dismiss. The defendant then moved for an interlocutory appeal, which the Superior Court (*O'Neil*, J.) denied, for lack of a justiciable issue, in March 1987. Since that time, the defendant has refused to participate in any proceedings and has failed to respond to court orders to comply with the plaintiff's discovery requests. In July 1987, the Superior Court (*O'Neil*, J.) issued the divorce decree, in which he stated that the plaintiff had waived all claims to assets outside the United States. The defendant then brought this appeal.

While the defendant concedes that the trial court had valid jurisdiction in this case, he argues that, as a matter of discretion, the court should have retained jurisdiction only with respect to property and custody matters. He argues that the court should have declined to exercise its jurisdiction with respect to the parties' marital status because the parties chose to be married under Parsi law and because Parsi law will recognize only those divorces granted by the Parsi Matrimonial Court. The defendant asserts that the New Hampshire courts' exercise of jurisdiction will cause him undue hardship. In short, the defendant asks us to hold that the superior court abused its discretion in not bifurcating the divorce action so as to allow New Hampshire to determine property and custody matters, and India to determine marital status, in spite of the fact that all the issues could be decided in one forum.

██ Under RSA 458:5, II, the superior court has jurisdiction when the plaintiff is domiciled within the State and the defendant is personally served. *Hanson v. Hanson*, 78 N.H. 560, 561, 103 A. 307, 308 (1918); *Asadorian v. Asadorian*, 127 N.H. 388, 390, 499 A.2d 1354, 1355 (1985). Because, in the present case, the cause of action arose in New Hampshire, plaintiff's children and home are here, and the only assets which the plaintiff seeks to retain are located in New Hampshire, the court has a compelling interest in retaining jurisdiction. *Coleman v. Coleman*, 32 Ohio St. 2d 155, 291 N.E.2d 530 (1972).

 The defendant invokes the doctrines of comity and *forum non conveniens* to buttress his argument that the trial court should have declined jurisdiction. Comity, which is a discretionary doctrine, will not be applied if it violates a strong public policy of the forum State or if it leaves the court in a position where it is unable to render complete justice. *See Brauch v. Shaw,* 121 N.H. 562, 432 A.2d 1 (1981); *Crippen v. Laighton,* 69 N.H. 540, 552, 44 A. 538, 541–42 (1899). The doctrine of *forum non conveniens* is "a device to limit the plaintiff's choice of forums in order to prevent undue hardship to the defendant." *Thistle v. Halstead,* 95 N.H. 87, 89, 58 A.2d 503, 506 (1948). Discretionary considerations for the court include the private interest of the litigant, relative ease of access to sources of proof, availability of compulsory process and the cost of obtaining the attendance of witnesses. *Leeper v. Leeper,* 116 N.H. 116, 118, 354 A.2d 137, 138 (1976). The defendant argues that if the divorce is granted, he will be left in a "limping" marriage, divorced in this country yet still married in India. As such, he would be subject to bigamy charges if he were to remarry in India. However, the fact that the defendant can seek a divorce, on his own, in India, weakens the impact of his hardship argument.

In comparison, if we were to grant the defendant's request and allow the Parsi court to determine the parties' marital status, the plaintiff would be penalized unjustly. She would be forced to seek partial relief in New Hampshire and partial relief in India as well, when new Hampshire could determine all the issues presented. Plaintiff would also have to bear the burdensome costs of travelling to India, solely for the defendant's convenience, since all evidence and witnesses are here in New Hampshire.

 Subject to the due process considerations expressed in *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316 (1945), plaintiff's choice of forum enjoys a favorable presumption which will not be disturbed except for weighty reasons or in the event that defendant will suffer a gross injustice. *Leeper supra.* Since the issues before the court were discretionary in nature, the trial court's decision will be upheld unless unsupported by the evidence or based on untenable grounds. *Allied Adjustment Service v. Heney,* 125 N.H. 698, 700, 484 A.2d 1189, 1191 (1984). On the record before us, we find no abuse of discretion and uphold the trial court's decision.

*Affirmed.*

All concurred.